# Exhibit 1

Electronically FILED by Superior Court of California, County of Riverside on 07/24/2024 12:00 PM
Case Number CVRI2404189 0000099999335 - Jason B. Galkin, Executive Officer/Clerk of the Court By Olga Ramirez-Chavez, Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FRONTIER COMMUNICATIONS PARENT INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JEFFREY SABROWSKI, individually and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Riverside Historic Courthouse
4050 Main Street, Riverside, CA 92501

CASE NUMBER: *(Número del Caso):* CVRI2404189

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott Edelsberg 1925 Century Park East, Suite 1700 Los Angeles, CA 90067 3059753320 scott@edelsberglaw.com

DATE: 07/24/2024
*(Fecha)*

Clerk, by _____, Deputy
*(Secretario)*  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Electronically FILED by Superior Court of California, County of Riverside on 07/24/2024 12:00 PM
Case Number CVRI2404189 0000099999332 - Jason B. Galkin, Executive Officer/Clerk of the Court By Olga Ramirez-Chavez, Clerk

Scott Edelsberg (SBN 330990)
**EDELSBERG LAW, P.A.**
scott@edelsberglaw.com
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Tel: (305) 975-3320

*Attorneys for Plaintiff and the Proposed Class*

[additional counsel appear on signature page]

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF RIVERSIDE**

| | |
|---|---|
| JEFFREY SABROWSKI, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FRONTIER COMMUNICATIONS PARENT INC.<br><br>    Defendant. | Case No. CVRI2404189<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jeffrey Sabrowski ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Complaint against Defendant Frontier Communications Parent Inc. ("Frontier" or "Defendant"). Plaintiff makes the following allegations based upon, *inter alia*, the investigation made by his counsel, and based upon information and belief, except as to those allegations specifically pertaining to Plaintiff, which are based on his personal knowledge.

**NATURE OF ACTION**

1. This is a proposed class action seeking monetary damages, restitution, and equitable relief from Frontier's promises, misrepresentations, and omissions arising from its deceptive and fraudulent billing practices.

2. Frontier is an American telecommunications company servicing residential and business customers in several states, including, relevant here, California. The company offers internet, data, and video services.

3. This case concerns the use of Frontier's internet services and, more specifically, the cancellation of such services.

4. On its website, Frontier lures consumers in with the following (false) promise: "you'll never have to worry about hidden fees[.]"[1]

5. When Frontier's customers signed up to use Frontier's internet services, they were under the belief that the contract(s) they signed and agreed to contained all of the essential terms of their agreement with Frontier.

6. Years ago, Fronter began charging customers who properly cancelled their internet service what Frontier referred to as a "Restocking Fee." This "fee" is separate from an early termination fee or delivery fee. Frontier's customers never agreed to pay a Restocking Fee in any of their contracts. Simply put, Frontier never provided any notice (let alone adequate notice) to its customers thay they would be charged a Restocking Fee. And since the Restocking Fee is unrelated to the actual cost of "restocking" an item—which in this case is usually outdated and unusable equipment—it is unreasonbale, excessive and nothing more than a disguised penalty.

---

[1] https://frontier.com/why-frontier (accessed July 2, 2024 via Wayback Machine at URL https://web.archive.org/web/20230104013836/https://frontier.com/why-frontier.

7. Upon cancellation, Plaintiff and the Class would receive their final bill, listing the Restocking Fee as one of the charges that they were required to pay. Some Class Members attempted to dispute the fee, which Frontier refused to waive. Eventually, Frontier reported the unpaid (and wrongful) Restocking Fee to a debt collection agency, thereby affecting consumers' credit score and causing further unnecessary expenses. As a result, Plaintiff and the Class were significantly harmed by Frontier's conduct.

8. Plaintiff, individually and on behalf of all other similarly situated, seeks to end Frontier's deceptive practices and obtain damages, restitution, and equitable relief, as set forth below.

**PARTIES**

9. Plaintiff Jeffrey Sabowski is and was, at all relevant times, a citizen of the State of California, residing in Riverside County, California. Plaintiff was a Frontier customer from around December 2021 to November 2023. In November 2023, he discontinued his use of Frontier's internet services.

10. Defendant Frontier Communications Parent Inc. is a Delaware Corporation with its principal palce of business in Dallas, Texas. Frontier has transacted business in this District and throughout the United States.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over Defendant and the claims set forth below pursuant to Code of Civil Procedure § 410.10 and the California Constituion Article VI § 10, because this case is a cause not given by statute to the other trial courts.

12. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business in this district and in the State of California through its offering and servicing of internet and phone products and services to consumers in California through the internet, phone, and by mail. Defendant maintains minimum contacts with California and/or otherwise intentionally avails itself of the California market, including in the County of Riverside, which has caused both obligations and liability of Defendant to arise in the County of Riverside.[2]

---

[2] Frontier maintains a specific privacy policy just for its California consumers.

3
CLASS ACTION COMPLAINT

13. Plaintiff and the proposed Class have suffered injury as a result of Defendant's acts in the County of Riverside.

14. The amount in controversy exceeds the jurisdictional minimum of this Court.

## COMMON FACTUAL ALLEGATIONS

### A. Frontier Commuunications

15. Frontier is an Internet service provider with more than three (3) million current Internet service subscribers across the country.[3]

16. Frontier offers local and long-distance telephone services, broadband internet, and digital television services in larger metropolitan areas.

17. Originally incorporated in 1935, Frontier began focusing solely on telecommunications in the late 1990s. Subsequently, Frontier acquired assets from telecommunications companies like Verizon Communications and AT&T, growing its operations to include service in multiple large states. After filing for bankruptcy and emerging from restructuring, Frontier went public on the NASDAQ in 2021. As of a year ago, Frontier was the fourth largest broadband provider in the United States.[4] Frontier reported revenue of over $5.75 billion in 2023.[5]

18. Frontier provides Internet service principally using two categories of technology: digital subscriber line (DSL), which transmits data over copper telephone wires, and fiber-optic, which transmits data over thin strands of glass. Frontier currently provides, and has previously provided, residential Internet service to millions of thousands of consumers located within the geographic boundaries of several states, including California.

### B. Restocking Fee

19. Plaintiff and Class Members signed up to use Frontier's internet services. Some of these Class Members were customers of Verizon's service before it was acquired by Frontier.

---

[3] https://www.statista.com/statistics/692040/frontier-communications-number-of-customers/ (last visited July 2, 2024).

[4] https://www.statista.com/topics/3496/frontier-communications/#:~:text=Frontier%20was%20the%20fourth%20largest,base%20of%20almost%20three%20million. (last visited July 2, 2024)

[5] https://investor.frontier.com/news/news-details/2024/Frontier-Reports-Fourth-Quarter-and-Full-Year-2023-Results/default.aspx (last vistied July 2, 2024)

20. On its website, Frontier markets and lures customers (like Plaintiff and the putative Class members) in with the following (false) promise: "you'll never have to worry about hidden fees, overage charges and data caps."[6]

21. At that the time customers signed up to use Frontier's internet services, they were not aware of, and did not agree to pay for, a Restocking Fee. Stated differently, Frontier did not clearly and conspicuously disclose to customers in the contract that they were required to pay a Restocking Fee.

22. Frontier's failure to provide any notice, let alone sufficient notice, that it would charge a Restocking Fee was financially motivated to keep consumers in the dark so they would sign up for and maintain Frontier's services.

23. Making matters worse, Frontier surreptiously raised the price of the Restocking Fee over time without providing adequate or sufficient notice to its customers. Instead, Frontier surreptitiously changed the small font at the bottom of one its webpages to state that its customers would be charged for the fee and its increase. Frontier's decision to surreptitiously use the bottom of one of its webpages to charge for, and increase, the Restocking Fee does not absolve it from initially failing to disclose such a fee in its contract with consumers. Moreover, standing alone, such a practice is not sufficient to put customers on notice of such an increase in a fee. No reasonable consumer would expect to look at every webpage of Frontier to see if it was charging (let alone increasing) its fees.

24. Many of Frontier's consumers also never received notice of the Restocking Fee because they contracted with Frontier for internet services before Frontier began using its webpages to surreptitiously charge (and change the price of) its fees.

25. Plaintiff and the Class members were significantly harmed by Frontier's conduct, including by being required to by the Restocking Fee or, in some cases, having their unpaid bill (which was in dispute) referred to a collection agency.

C. **Plaintiff's experience.**

26. In or around December 2021, Plaintiff signed up to use Frontier's internet service.

---

[6] https://frontier.com/why-frontier (accessed July 2, 2024 via Wayback Machine at URL https://web.archive.org/web/20230104013836/https://frontier.com/why-frontier.

27. Plaintiff relied on representations and promises that he would never "have to worry about hidden fees [and] overage charges."

28. In or around November 2023, Plaintiff notified Frontier that he wanted to cancel his internet service.

29. In or around November 2023, Plaintiff received a bill from Frontier related to the cancellation of his internet service. The bill listed a charge for a $50.00 Restocking Fee.

30. After Plaintiff refused to pay the Restocking Fees, Frontier referred the bill to a debt collection agency.

31. But for Frontier's deceptive misrepresentations and omissions and failure to exercise its contractual discretion in good faith, Plaintiff would not have been charged a Restocking Fee.

**D.  Sample of Other Complaints**

32. A review of consumer complaints online confirm Plaintiff's experience is far from unusual and is indicative of a systemic and deceptive nationwide practice:

   a. *** STAY AWAY FROM FRONTIER INTERNET!!!!*** I called and cancelled my internet service on 6/3/24. I was informed that there is a $50 "re-stocking fee" for sending back the router that I probably have paid for 10 times over renting the modem over the years. I was also informed that I would be charged for next month services on a bill that wasn't even due yet. I asked the representative "why you would charge me for service I wouldn't even receive"? and she stated that it is in the terms of service, even though I have no contract. Well, I looked and cannot find any verbiage that states this. I have since filed a complaint with the Better Business Bureau and the FCC.[7]

   b. Frontier Communications is the Worst Internet Service Provider, They steal $50 dollars from you when you finish the service for Equipment Restocking Fee; do not request service from this company. Stay away from these people.[8]

---

[7] https://www.consumeraffairs.com/cell_phones/frontier.html#scroll_to_reviews=true (last visited juLY 3, 2024).

[8] https://www.consumeraffairs.com/cell_phones/frontier.html?page=3 (last visited July 3, 2024)

c.   Charged a $50 processing fee to cancel my Internet after being with them for several years and paying $80 a month for their service. This fee was never discussed with me when I began their Internet service. Never do business with Frontier Communications![9]

d.   I had Frontier Communications for 2 years and had to move to a new area where Frontier did not service, which meant that I had to cancel my service. Frontier did not prorate my monthly bill, something I guess they don't do and then charged me a $50+ fee to restock their router I used upon sending it back!!! No other company does that! Worse part, I didn't find out about the charge until they sent me to collections for it. I still can't believe it. That is stealing money. They are charging customers on the front end to set it up and then again on the back end to get it ready for their next customer. Very disappointing.[10]

e.   I canceled in October 2023, they charged me for November and in December I received a bill for 54.76. I called and they said, "We are charging for month not for days.... and the 54.76 is a restocking fee!!!" Really, they charging RESTOCKING FEE, plus TAX, yes TAX!!! REALLY! I was also talking to the supposed be a supervisor. NOT HELPful at all!!! Please don't get FRONTIER AS YOUR INTERNET PROVIDER!!! JUST DONT!!!![11]

f.   Frontier added a $50 restocking fee without proper notification to or consent from me. They said that they added the notification in the March 2023 bill, which I do not see. The fact that they did not attempt to send a separate notification is underhanded

g.   I recently spoke with a Frontier representative, and they were unable to provide any documentation supporting the existence of a $50 fee. The terms and conditions they

---

[9] https://www.consumeraffairs.com/cell_phones/frontier.html?page=2#scroll_to_reviews=true (last visitied July 3, 2024)

[10] https://www.consumeraffairs.com/cell_phones/frontier.html?page=3#scroll_to_reviews=true (last visited July 3, 2024)

[11] https://www.consumeraffairs.com/cell_phones/frontier.html?page=3#scroll_to_reviews=true (last visited July 3, 2024)

7
CLASS ACTION COMPLAINT

shared explicitly state that the cancellation fee is $10, which coincides with my initial understanding. This situation appears to be a blatant case of deceptive practices and potentially a legal violation. I'm curious about our options for addressing this issue and holding this unscrupulous company accountable.[12]

    h.    I did not sign any contract or agreement that contained notice of a $50 "re-stocking fee" and as a grandfathered FIOS customer, never signed an agreement with period.[13]

    i.    I ask the business to provide me a copy of the contract I signed that suggested I agreed to the $50 re-stocking fee, or make a legitimate claim as to their authority to levy such fee for the return of equipment in the absence of a legal agreement. My service began long before Frontier acquired FIOS, and therefore terms of service may not be retroactively applied without consent or a signature on contract.[14]

33. Moreover, this is not the first time Frontier has been accused of deceptive practices. In 2021, Frontier was sued by the FTC (joined by the Los Angeles County District Attorney's Office) and the Attorney General of Indiana related to false advertising and misrepresenting internet speeds and reliability to consumers.[15] Frontier entered into settlements in both of these cases, agreeing to pay millions of dollars in penalties.

**CLASS ALLEGATIONS**

34. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), Plaintiff brings this action individually and on behalf of a proposed Class of similarly situated persons defined as follows:

---

[12] https://www.reddit.com/r/frontierfios/comments/13jslre/50_restocking_fee_after_cancellation_of_service/ (last visited July 3, 2024)

[13] https://www.bbb.org/us/tx/dallas/profile/telecommunications/frontier-communications-0875-91341108/complaints?page=16 (last visited July 3, 2024)

[14] https://www.bbb.org/us/tx/dallas/profile/telecommunications/frontier-communications-0875-91341108/complaints?page=16 (last visited July 3, 2024)

[15] *See* https://www.ftc.gov/news-events/news/press-releases/2022/05/ftc-takes-action-against-frontier-lying-about-internet-speeds-ripping-customers-who-paid-high-speed (last visited July 2, 2024); https://theavtimes.com/2022/05/05/frontier-communications-settles-suit-over-false-advertising/ (last visited July 2, 2024).

**All persons who, within the applicable state of limitations, were ever charged a Restocking Fee by Frontier.**

35. Excluded from the Class are Frontier, any entities in which they have a controlling interest, and any legal representative, heir or assign of Frontier. Also excluded from the Class are the presiding judge(s) in this case, their staff, and any members of their immediate family.

36. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia,* changing circumstances and/or new information obtained during discovery.

37. **Numerosity**: At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiff believes and alleges that the Class members number well into the thousands, and thus are so numerous that joinder of all members is impractical. The number and identities of Class members is administratively feasible and can be determined through appropriate discovery of documents and information in the possession of Frontier.

38. **Commonality and Predominance**: There are questions of law and/or fact common to the Class, such that there is a well-defined community of interest among the Class members. These questions predominate over questions that may affect only individual members as Frontier has acted on grounds generally applicable to the Class. Moreover, adjudication of these common issues in a single action has important and desirable advantages of judicial economy. Such common legal or factual questions include, but are not limited to, the following:

    a. Whether Frontier unfairly, unethically, and/or deceptively charged a Restocking Fee to its consumers;

    b. Whether Frontier unfairly, unethically, and/or deceptively failed to disclose facts regarding its Restocking Fee;

    c. Whether Frontier's misrepresentations and omissions regarding the Restocking Fee were material;

    d. Whether Frontier's alleged misconduct misled or had the tendency to mislead consumers;

    e. Whether Frontier engaged in unfair and/or fraudulent business practices under the laws asserted;

f. Whether Frontier's conduct violated California's Unfair Competition Law;

g. Whether Frontier acted in bad faith when it charged a Restocking Fee;

h. Whether Frontier's conduct breached the covenant of good faith and fair dealing;

i. Whether Plaintiff and the Class were harmed by Frontier's practices, omissions and/or misrepresentations;

j. Whether Plaintiff and the Class are entitled to actual, compensatory, and/or nominal damages, and the proper measure thereof; and

k. Whether Frontier should be enjoined from continuing its unfair practices described herein.

39. **Typicality**: Plaintiff, just like many other consumers, was charged a Restocking Fee that he did not agree to. Plaintiff's claims are typical of the claims of the Class because Plaintiff and the Class have suffered the same or similar injury as a result of Frontier's false, deceptive, misleading, and bad faith conduct, and their claims assert the same legal theory. Moreover, Plaintiff is not subject to any unique defenses. As such, Plaintiff's claims are typical of the claims of the Class.

40. **Adequacy of Representation**: Plaintiff is an adequate representative of the Class. He is committed to the vigorous prosecution of this action on behalf of himself and all others similarly situated and has retained competent counsel experienced in the prosecution of consumer class actions such as this, and who have the financial and legal resources necessary to litigate this case through resolution, including through trial and appeal, if necessary. Plaintiff does not have any interests adverse to those of the Class.

41. **Superiority**: A class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual Class members will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the comparatively modest amount of monetary relief available for each individual Class member. Moreover, prosecution of separate actions by individual Class members would create a risk inconsistent or contradictory judgments, lead to the duplication of evidence, effort, and expense, and unnecessarily overwhelm the court system. The benefits of class treatment, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action. Plaintiff does not anticipate any difficulty in the management of this litigation as a class action.

42. Frontier has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole. Plaintiff remains interested in maintaining a savings account at Frontier.

43. Frontier's ongoing and systematic practices make declaratory relief with respect to the Class appropriate.

## FIRST CAUSE OF ACTION

**Violation of California's Unfair Competition Law ("UCL")**
**Cal. Bus. & Prof. Code § 17200, *et seq.***

44. Plaintiff repeats, realleges, and incorporates the allegations in Paragraphs 1–43 by reference as if fully set forth herein.

45. The UCL defines "unfair competition" to include any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

46. A business practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications and motives of the practices against the gravity of the harm to the alleged victims.

47. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the public.

48. The UCL imposes strict liability. Plaintiff need not prove that Frontier intentionally or negligently engaged in unfair business practices—but only that such practices occurred.

49. Frontier's conduct described herein is "unfair" because it violates public policy and is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers, and any utility of such practices is outweighed by the harm caused to consumers, including to Plaintiff, the Class, and the public. Specifically, Frontier, *inter alia*:

    a. Deceptively charged consumers a Restocking Fee;

    b. Charged an unreasonable amount for a Restocking Fee;

    c. Failed to clearly and conspicuously apprise consumers of the various terms they were accepting; and

        d.    Lured consumers in with the false promise that there would be no hidden fees, and then charged consumers hidden fees (in the form of a Restocking Fee).

50. There were reasonably available alternatives to further Frontier's legitimate business interests, other than engaging in the misleading and deceptive conduct described herein.

51. Frontier's conduct is "fraudulent" because it was (and is) likely to deceive reasonable consumers, and did deceive reasonable consumers, including Plaintiff.

52. Frontier's conduct and actions are deceptive, untrue, and misleading to reasonable consumers, and will continue to mislead consumers in the future.

53. Plaintiff relied on Frontier's representations to become a consumer and to cancel its service.

54. As a direct and proximate result of Frontier's misconduct, Plaintiff and Class members have suffered and will continue to suffer actual damages.

55. Frontier's wrongful conduct is ongoing and presents a continuing threat to Class members.

56. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks restitution, disgorgement, and an injunction enjoining Frontier from continuing to engage in the unfair business practices described above.

## SECOND CAUSE OF ACTION

**Violation of California's Consumer Legal Remedies Act ("CLRA")**
**Cal. Civ. Code § 17500, *et seq.***

57. Plaintiff repeats, realleges, and incorporates the allegations in Paragraphs 1–43 by reference as if fully set forth herein.

58. Defendant's services utilized by Plaintiff and the Classe are a "service" within the meaning of Cal. Civ. Code. § 1761(b), and its internet subscriptions are "goods" within the meaning of Cal. Civ. Code. § 1761(a).

59. Plaintiff and each member of the proposed Classes are consumers as defined by Cal. Civ. Code. § 1761(d).

60. Defendant's sale of internet service plans to consumers were "transactions" within the meaning of Cal. Civ. Code. § 1761(e).

61. Defendant violated, and continues to violate, the CLRA by, *inter alia*:

      a.     Deceptively charging consumers a Restocking Fee;

      b.     Charging an unreasonable amount for a Restocking Fee;

      c.     Failing to clearly and conspicuously apprise consumers of the various terms they were accepting;

      d.     Luring consumers in with the false promise that there would be no hidden fees, and then charging consumers hidden fees (in the form of a Restocking Fee).

62.     Defendant's conduct violated the following provisions of Cal. Civ. Code § 1770:

      a.     "Representing that goods or services have . . . characteristics . . . that they do not have";

      b.     "Using deceptive representations . . . in connections with . . . services"; and

      c.     "Advertising goods or services with intent not to sell them as advertised."

63.     Defendant affirmatively and knowingly misrepresented to its consumers that they could sign up for internet service without any hidden fees.

64.     Defendant's conduct and actions are deceptive, untrue, and misleading to reasonable consumers, and will continue to mislead consumers in the future.

65.     Plaintiff relied on Defendant's representations to sign up for an internet subscription.

66.     Despite being made aware of consumer complaints, Defendant did not take any effective measures to ensure that consumers are clearly made aware of the Resotcking Fee, nor did it change its billing practices to obtain affirmative consent from consumers before it made such changes.

67.     As a direct and proximate result of Defendant's misconduct, Plaintiff and Class members have suffered and will continue to suffer actual damages.

68.     Defendant's wrongful conduct is ongoing and presents a continuing threat to Class members.

69.     Pursuant to Cal. Civ. Code § 1780(a), Plaintiff seeks injunctive and declaratory relief on behalf of the general public for violations of the CLRA.

70.     On July 25, 2024, pursuant to Cal. Civ. Code § 1782(a), Plaintiff notified Defendant in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that, *inter alia*, it correct same. Plaintiff will amend this Complaint to seek damages if Defendant does not comply with

Cal. Civ. Code § 1782(b).

## THIRD CAUSE OF ACTION

### Breach of Contract Including Breach of the Covenant of Good Faith and Fair Dealing

71. Plaintiff repeats, realleges, and incorporates the allegations in Paragraphs 1–43 by reference as if fully set forth herein.

72. Plaintiff and the Class members entered into a contract with Frontier related to the use of internet services.

73. No contract provision authorized Frontier to charge consumers for a Restocking Fee. Therefore, Frontier breached the contract.

74. In addition, a covenant of good faith and fair dealing is implied by law in all contracts and required that Frontier exercise contractual discretion honestly and in good faith.

75. Frontier breached the covenant of good faith and fair dealing by exercising its discretion in bad faith to the detriment of the Class when it decided to (1) charge for a Restocking Fee or, in the alternative, (2) change the terms and/or prices of the Restocking Fee without providing adequate notice to its consumers.

76. Plaintiff and Class members have performed or substantially performed all obligations imposed on them under the contract.

77. Plaintiff and Class members have sustained damages as a result of Frontier's breach of the contract and breach of the implied covenant of good faith and fair dealing.

### JURY DEMAND

78. Plaintiff and the Class members hereby demand a jury trial on all claims so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

(a) An order certifying the Class as requested herein, appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

(b) An order declaring Defendant's conduct unfair and/or fraudulent;

(c) An order enjoining Defendant from the unlawful conduct alleged herein;

(d) An order awarding Plaintiff and the Class restitution and/or disgorgement;

(e) An order awarding Plaintiff and the Class all damages available under the law, including compensatory, statutory, and punitive, as well as pre- and post-judgment interest;

(f) An order awarding Plaintiff and the Class their reasonable attorneys' fees and costs of suit, along with pre- and post-judgment interest; and

(g) An order awarding any other and further relief as this Court deems just, proper and equitable.

Dated: July 24, 2024                    Respectfully submitted,

By: */s/ Scott Edelsberg*
**EDELSBERG LAW, P.A.**
Scott Edelsberg (SBN 330990)
scott@edelsberglaw.com
Adam Schwartzbaum
adam@edelsberglaw.com
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Tel: (305) 975-3320

*Attorneys for Plaintiff and the Proposed Class*

Case Number CVRI2404189 0000099999334 - Jason B. Galkin, Executive Officer/Clerk of the Court By Olga Ramirez-Chavez, Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott Edelsberg, Esq. CA Bar 330990<br>1925 Century Park East, Suite 1700 Los Angeles, CA 90067<br>Edelsberg Law, P.A.<br>TELEPHONE NO.: 305-975-3320    FAX NO. *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, Jeffrey Sabrowski | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Jeffrey Sabrowski v. Frontier Communications Parent Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CVRI2404189<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [x] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 3; Violation of California's UCL, Violation of California's CLRA, Breach of Contract
5. This case [x] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: 07/24/2024

Scott Edelsberg
*(TYPE OR PRINT NAME)*                                                       *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:** CVRI2404189

**Case Name:** SABROWSKI vs FRONTIER COMMUNICATIONS PARENT INC.

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Harold W. Hopp in Department 1 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 08/01/2024

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____
O. Ramirez-Chavez, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)